**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT PADUCAH**
**CIVIL ACTION NO. 5:08CV-P51-R**


**RICHARD K. SCOTT**                                                          **PETITIONER**

**v.**

**BECKY PANCAKE**                                                            **RESPONDENT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Respondent's "motion to dismiss due to lack of

evidence to prove that Petitioner is entitled to equitable tolling." Fully briefed, the motion is ripe

for decision. For the reasons set forth below, the Court will deny the motion and will schedule a

telephonic conference. During the telephonic conference, the Court will discuss the most

convenient date to hold an evidentiary hearing in this matter in light of the evidence the parties

plan to introduce at the hearing.

**I.**

The factual and procedural background of this case is fully set forth in the Court's Order

of March 4, 2009, and the Court will not repeat that history here. To briefly summarize, Scott

pleaded guilty to murder (and related offenses) on January 23, 2004. He now alleges in his

habeas petition that he was incompetent to enter the plea and that the trial court's finding of

competence was an unreasonable determination in light of the evidence. On its face, Scott's

petition is time-barred. However, at issue is whether Scott can rely on equitable tolling based on

his mental illness to salvage his petition

**II.**

"[T]he mental incapacity of the petitioner can warrant the equitable tolling of the statute

of limitations." *McSwain v. Davis*, 287 F. App'x 450, 456 (6th Cir. 2008). However, "mental incompetence is not a *per se* reason to toll a statute of limitations." *Id.* " In order to be entitled to equitable tolling the petitioner must make a threshold showing of incompetence **and** must also demonstrate that the alleged incompetence affected h[is] ability to file a timely habeas petition." *Id.* (citing *Laws v. Lamarque*, 351 F.3d 919, 923 (9th Cir. 2003)).

Based on the record presented to the Court thus far, there is no question that Scott suffers from a serious mental illness. The question that this Court must determine is whether Scott's mental illness prevented him from timely filing his habeas petition. The Court is not able to make such a determination on the record before it. Scott claims that a evidentiary hearing is necessary. Citing 28 U.S.C. § 2254(e)(2), Respondent argues that Scott is not entitled to an evidentiary hearing.[1]

The Supreme Court has made clear that this Court is permitted to look outside the state court record to determine procedural issues, like timeliness independent of 28 U.S.C.

---

[1]Section 2254(e) provides:

(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State [*5] court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

(2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--

(A) the claim relies on--

(i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

2

§ 2254(e)(2). *House v. Bell*, 547 U.S. 518, 539 (2006). In fact, as numerous federal courts have recognized, factors going to the applicability of equitable tolling "are usually outside of the record and often will not be fully addressed in the petition." *Acosta v. Artuz*, 221 F.3d 117, 125 (2d Cir. 2000).

Scott has presented uncontroverted evidence that he suffered from a serious mental illness at the time he was convicted and that he continues to suffer from that same mental illness today. Additionally, the expert opinion prepared for the Court by Dr. Robert B. Sivley, Sr., states:

> Mr. Scott indicates that he is still hearing voices, that they are the voice of God, and that they are continuous, occurring even as he talks to the examiner. He explains very calmly that "You can't stop God." He says that at one time he was told that it was the voice of the devil, but that now he is certain that it is God. He believes that there is no way to rid himself of the voices except to die. Several times he points out that his death would be for two purposes: one, to get rid of the torture of the voices, and the other to be able to confront God. He smilingly says that he "will kick God's ass."

Based on these statements, and others, Dr. Sivley concluded that as to Scott's ability to appreciate and litigate claims related to his own mental illness:

> The petitioner has no insight into his mental illness. He says he has experienced the hallucinations during the entire time that he has been incarcerated, and he believes them to be real and not symptoms of a mental illness. The petitioner has the ability to understand court procedures and to conduct himself in court. He openly states, however, that his aim is to be able to bring about his own death as a way of escaping the severe discomfort caused by what he considers to be harassment by God.[2]

Whether Scott is ultimately able to establish that he is entitled to rely on equitable tolling

---

[2]The Court notes that based on the record to date, it does not appear that an understanding of court procedures necessarily equates to a finding of competency. In August of 2003, Dr. Sivley noted that "Mr. Scott is sufficiently intelligent and knowledgeable to understand the charges, their gravity, and the possible consequences of being found guilty. [H]e is reasonably aware of the nature of legal proceedings . . . and he has some understanding of what is meant my the terms plea bargain and probation." Nevertheless, despite Scott's general understanding of court procedures and how to behave in court, Dr. Sivley opined that Scott was not competent to stand trial because "in view of the defendant's delusional thinking . . . [Scott was] not competent to participate rationally in his own defense."

remains to be seen, but based on the record thus far, the Court finds an evidentiary hearing would allow Scott the opportunity to fully develop his claim of equitable tolling and is necessary for the Court to properly decide this action. The record in this case contains evidence that could tend to suggest that Scott's incompetence also prevented him from timely filing his state-court petition, and in turn, his habeas petition. The state court did not conduct an evidentiary hearing, and Scott has identified witnesses that he will call (including himself and his mother) as well as Dr. Sivley. In light of the record, the Court determines that an evidentiary hearing is necessary to determine whether equitable tolling applies in this case. *See Keenan v. Bagley*, 400 F.3d 417, 422 (6th Cir. 2005) ("Whether this case presents one of those rare occasions in which equitable tolling under AEDPA is proper is an issue appropriately handled by the district court in the course of an evidentiary hearing."). For the sake of clarity, the hearing will be limited solely to the issue of equitable tolling *i.e.*, it will focus on Scott's mental condition after he was incarcerated and how it affected his ability to timely file a habeas petition.

Accordingly, **IT IS ORDERED** as follows:

Respondent's motion to dismiss due to lack of evidence to prove that Petitioner is entitled to equitable tolling (DN 39) is **DENIED**. The Court will enter a separate Order setting a date for a telephonic conference.

Date:

cc:      Counsel of record

4413.008